Mr. Justice Shith
delivered the opinion of the court.
This is an appeal from a decision of the chancellor overruling a motion in the court of chancery, to dissolve an injunction, obtained by the appellee, for want of equity in the bill. The questions involved in the contest between the parties are acknowledged to be questions purely of a legal character, and properly cognisable in a court of common law. It is, however, contended that the case disclosed by the- appellee, in his bill, is embraced within the principle of a peculiar class of laws, of which equity may take cognisance.
Courts of equity have frequently interposed when legal questions alone were involved, if the remedy at law was not clear, certain or adequate. — Courts of equity will also interpose to prevent a multiplicity of suits, where the subject matter of contest is held by one individual, in opposition to a number of persons who controvert his right and who hold separate and distinct interests depending upon a common source. Not that it is for the purpose of adjudicating upon the legal rights of the parties litigant; but to direct their ascertainment under the superintendance of the courts, upon issues framed by it. The right of the court of chancery thus to interpose, is regarded as amongst the most salutary portions of its jurisdiction. The plaintiff by its interposition is relieved from the necessity of bringing a number of suits at law, against different individuals to quiet the same common right, where each suit would establish only the particular right in question, between the plaintiff and defendant in that suit. The chancery court will also, *111 in a third class of cases of a legal character, interpose to put an end to vexatious and ruinous litigation, where the party has satisfactorily established his right at law.
In the case under consideration, it is not pretended that the appellee had satisfactorily established his right by a previous judgment at law; so far from this, he had suffered repeated judgments to be entered against him, in a magistrate’s court, for alleged trespasses on the land to which he claims title. Nor had the appellee, at the time of his bill, commenced any action at law to try the legal title to the land. It is clear, then, that it is not upon the ground that his case is within the principle of the last class of cases, above described, that he is entitled to invoke the interposition of a court of chancery. It is true that in the case a greater number of suits, in a magistrate’s court, has been commenced against him by the appellants and prosecuted to judgment. But this does not bring the case within the principle alluded to. The authorities are direct and numerous that a court of equity will not entertain a bill of peace when the right is controverted by two persons only, until after the right has been established satisfactorily by a trial at law. See 1 Brown P. C., 166; 2 Johnson’s Chancery Reports, 281, and the case cited; and 3 Johnson’s Reports, 586.
This case has been assimilated to the case reported in 3 Johnson’s Reports, 566 — and it was contended ha argument, that the principle of that case fully sustains the decree of the chancellor here. I am unable, however, after a most careful examination, to perceive the points of analogy between them. In that case, it is true, there had been no satisfactory establishment of the right at law. But the court did not in any respect base its decision upon that principle. They did not, as remarked by Kent, C. J., regard the bill of respondent as strictly in the right of a bill of peace. The court evidently regarded their decision as being not directly in the line of former precedents, for Justice Van Ness remarked “ that it was time that they should, for the purpose of rendering , the administration of justice more complete and perfect, take the lead bastead of waiting for precedeiats iia order to follow them.” However far, then, that decision may be presumed to have gone; yet it is not based upon any principle which can be considered as *112 applicable to the case disclosed by the bill of this appellee. The decision was in that case predicated on the facts, that as Kent, C. J., remarked, that “ Nicoll did not appear to have a clear remedy at law,” and that the object of the bill was to prevent a multiplicity of suits equally vexatious and oppressive to both parties, by asking aid of the court of chancery, “ to have the title tried under its superintendance, so that there might be a final decision.”
A majority of the judges who presided in that cause, were disposed to regard it not as a contest between two persons only, but as a case where a general legal right is claimed against several distinct persons, and holding under one general right, and when each suit would determine only- the particular right in contest, between the plaintiff and defendant — for to this effect, Justice Van Ness observes, “ I am strongly inclined to think that all of the freeholders of the town of Huntington, have a right to enter upon the islands and cut grass without the license of the trustees. The grant of 1694 is to persons therein named. These persons made a body politic and have perpetual succession. But in relation to. the property in question, the members of this corporation are in their natural, not corporate capacity, mere naked trustees for the freeholders, and may be compelled to execute this trust by their cestui que trusts at any time. I very much doubt whether if the freeholders should enter upon the island and cut the grass, the trustees could maintain an action of trespass against them. I do not see why, under the terms of the grant, the statute does not execute the use. If so, the freeholders have the legal estate. But on this I do not mean to express a decided opinion. It is sufficient for giving the court of chancery jurisdiction, that there is color for the construction of the grant.”
It is contended further by the counsel for the appellee, that the chancellor erred in dissolving the injunction, so far as it operated to restrain the commission of trespass or waste. The whole cause is now before this court, and if there should be error in this respect, it will become our duty to correct it. It. has been directly and clearly established by a decision of the supreme court of this state, that an injunction will not lie to stay waste, when the defendant is in possession by an adverse title. Walker’s Reports, 177. Nor is this court aware that the principle here laid down has ever been *113 to any sensible degree relaxed by the decisions of this country or of England.
In the case under consideration, the individual seeking' relief shows by his own bill, that the party with whom he is waging a war of litigation, holds possession of the land under an adverse title. The judge who delivered the opinion of the court in the case referred to, remarked, in delivering the opinion, that if this were an application for ah injunction to stay the hand of a lawless trespasser, the court would be more circumspect in compelling the complainant to show unquestioned evidence of title. And it may be regarded as a well settled principle, that courts of equity will never interfere in cases of apprehended trespass, except in extreme cases, where the threatened injury would be irreparable and the title to the land is unquestioned. The court are of the opinion that the appellee has not presented such unquestioned evidence of title as to authorise the allowance of an injunction to stay either waste or trespass, were there ever such a showing of an apprehended trespass as would in its character be irreparable.
I am, therefore, impressed with a conviction that in this respect there was no error in the decree of the chancellor.
There is but one point remaining which I deem necessary to be noticed; and that point maybe considered as involved and decided in the topics already discussed. The question is, whether so much of the decree as enjoins the proceedings at law should not be affirmed.
If the bill do not disclose such a case as would authorise the interposition of a court of equity, either for the purpose of quieting title, or to prevent a multiplicity of suits, it is obvious that the court can afford no relief, unless it presents original grounds of equity. But, it will be observed, that the questions here involved are purely of a legal character.
In reference to the proceedings at law I would remark; that if the defendant in the actions of trespass before the magistrate saw proper to suffer judgments to be rendered against him without presenting his defence, if he had any, the court will not now interfere to shield him from the consequences of his own neglect. It is a principle of law prevailing in our system, that where a party *114 has been impleaded before any judicial tribunal, he must use due diligence to avail himself of every legal defence proper to his cause and admissible in the forum before which he stands charged before he can be relieved in equity.
The decree of the chancellor will therefore be reversed, so far as the injunction was retained; and the injunction must be dissolved.