CASE 2—ACTION UPON A CONTRACT—MARCH 11.

# Illinois Central R. R. Co. v. Manion.

### APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

PAYMENT—RECEIPT IN FULL—EFFECT—NEGOTIATIONS FOR COMPRO-
MISE—ADMISSIONS AS EVIDENCE—CONTRACT FOR WORK ON RAIL-
ROAD—ESTIMATES OF ENGINEER—WRITTEN CONTRACT—SUBSE-
QUENT ORAL AGREEMENT—CONTRACTOR—UNSUITABLE MATERIAL—
RIGHT TO SUPPLY SUITABLE MATERIAL.

Held: 1. A "receipt in full" is not conclusive that nothing more is due, but may be shown to be erroneous.

2. A letter from the chief engineer of defendant railroad company to plaintiff, a contractor, proposing a compromise of his claim for extra work in raising defendant's roadbed, is admissible in evidence against defendant as an admission, to the extent that it states that certain facts are shown by a remeasurement of the work.

3. A part of the letter being introduced by plaintiff, defendant was entitled to have the whole letter read to the jury.

4. A stipulation in a contract for work on a railroad that "the amount of work performed under this contract shall be determined by the measurements and calculations of the engineer in charge of the work" is nothing more than a provision for a means of determining the amount of the work, and either fraud or mistake of the engineer is a ground for relief of the contractor, as it would be in case of a settlement by the parties themselves.

5. Though it is stipulated in the written contract "that no compensation for extra work and no compensation for any work other than the compensation herein stipulated shall be paid to the party of the first part unless ordered or agreed to in writing by the said chief engineer," defendant must pay for extra work done under an oral agreement to pay an agreed price therefor, as a written contract may be varied by a subsequent parol contract unless forbidden by the statute of frauds.

6. If land furnished by defendant under an agreement to furnish "land necessary for borrow pits" was not practicable for the work, plaintiff is entitled to recover money expended by him in procuring other land for that purpose, and the court properly so

instructed the jury, properly telling them, further, that if the land was reasonably accessible, and plaintiff made the change merely for his own convenience, they should find nothing for him on that account.

LOCKETT & LOCKETT, ATTORNEYS FOR APPELLANT.

J. M. DICKINSON AND PIRTLE & TRABUE, OF COUNSEL.

### POINTS AND AUTHORITIES.

1. This suit grows out of raising the roadbed of the appellant under a written contract of March 6, 1899.

The work to be done under the direction of the engineer, who had power to reject any part of it, and who was to determine the amount done, for which appellee was to receive 13½ cents per cubic yard. Estimates to be made each month, and ninety per cent. of the amount due paid on them and the balance on the final estimate.

2. Appellee receipted for ninety per cent. of the amount certified to be due for work done in May, June, July, August, September and October 1899, and on the first day of December, 1899, he accepted a final estimate showing the total amount earned to be $23,595.74, of which he had previously been paid $18,212.85, leaving a balance of $5,382,89. For this sum he gave his receipt in full.

This receipt is pleaded as a bar to his recovery. It is not denied. No fraud or ignorance of its effect is pleaded in avoidance. The proof shows it was fairly and understandingly executed. Upon the pleadings the defendant was entitled to a judgment notwithstanding the verdict. De Arnaud v. U. S., 147 U. S., 483; Baker v. Nachtrieb, 60 U. S., 126, and note in L. C. P., Ed. 38, page 244; 41 Am. Dec., 60, 55 Am. Dec., 260; Givens' Executor v. Providence Coal Co., 60' S. W. Rep., 306; Civil Code, sec. 386; Evans v. Stone, 80th Ky., 78; L. N. A. Ry. Co. v. Helm & Bruce, 22 Ky. Law Rep., 964.

3. There being no charge of fraud or such gross mistake as would necessarily imply bad faith or a failure to exercise an honest judgment, the final estimate of the engineer was conclusive. Bumpass v. Webb, 29th Am. Dec., 274; Faunce v. Burk & Gaunder, 56th Am. Dec., 579; Kihlberg v. United States, 97th U. S., 398; Sweeney v. United States, 109 U. S., 618; Martinsberg R. R. Co. v. March, 114 U. S., 549; City of Covington v. Limerick, 19 Ky. Law Rep., 330.

Provisions of this character in contracts are binding. Wood on Railroads, vol. 2 page 1138, sec. 277; Elliott on Railroads, vol.

3, page 1572, sec. 1059; E. & P. R. R. Co. v. Geoghegan, 9th Bush, 56; Henderson Bridge Co. v. O'Conner, 88th Ky., 324.

4. It was error to admit evidence to contradict the estimates of the engineer, as the pleadings did not authorize such evidence.

The letter from Sloan was not competent, because it shows on its face it was not written by him in behalf of the company, and the statement of the quantity of earth in the embankment was not binding on the company as the declaration of an agent. Meacham on Agency, 714-15; V. & M. R. R. Co. v. O'Brien, 119 U. S., 99; Roberts v. Buck, Littell's Select Cases, 411; Dills v. May, 4th Ky. Law Rep., 276; McLeod v. Ginther's Admr., 80 Ky., 399.

5. It was error to tell the jury to find for plaintiff the excess of earth placed in the embankment beyond the estimate of the engineer, if the excess was greater than the parties intended his estimate to control. It not only authorized the jury to construe but to make a contract for the parties. The excess mentioned by Sloan (if his letter had been competent) was stated in the letter to have been outside the regular bank section. Plaintiff knew this earth so placed was not chargeable to the company.

6. The verdict is not authorized by the instructions or by the evidence.

YEAMAN & YEAMAN, ATTORNEYS FOR APPELLEE.

(Brief not in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, Peter Manion, in the spring of the year 1899, made a contract with appellant, the Illinois Central Railroad Company, to raise the roadbed of the company across the Ohio river bottoms near Henderson, Ky., and brought these suits, which were heard together, to recover a balance alleged to be due him for his work. It is stipulated in the contract that the engineer in charge should certify the amount done each month, and upon his certificate Manion should be paid 90 per cent. of the sum earned, the remaining 10 per cent. to be paid on the final estimate. These certificates were given, and the monthly payments were made.

In December, 1899, a final estimate was made, which showed a balance due Manion of $5,582.89, and for this he receipted to the company "in full of the above account." His receipt in full is relied on in bar of the action, as well as the five or six monthly receipts previously given during the year. A receipt is not conclusive that nothing more is due. It may be shown to be erroneous, and the facts of this case are not sufficient to bring it within those cases where the account has been held stated.

The plantiff read in evidence on the trial the following portions of a letter to him from the chief engineer of the company: "Chicago, February 10, 1900. Mr. Peter Manion, Henderson, Ky.—Dear Sir: Referring to your claim for extra work on account of your contract between Henderson and Evansville, I am advised by Mr. Safford, engineer in charge of the work, that you were allowed 168,079 cubic yards according to the cross section and extra-force account amounting to 4,815 cubic yards, and an allowance for extra width of 1,870 cubic yards, making the total yardage 174,783 cubic yards. According to remeasurement of the bank after it was put up, it was in excess of the estimates rendered the following amounts: On the McClain or north side, 4,243 cubic yards and on the Major or south side, 4,321 cubic yards." The company, then, not waiving its objection to the reading of this part of the letter, asked that the remainder of it be read, which is as follows: "There is no reason why any allowance should be made for any material put outside the regular bank section. Taking everything into consideration, however, in order to get a final settlement, I am willing to recommend the additional yardage which you put in the south or Major's side. This amounts, as stated, to 4,321 cubic yards; at 13½cents per cubic yard would amount to $583.33." If this will be satisfactory,

please advise. It is the best that I· can do in the matter. You understand that I am. willing to recommend this, but can not give you any 'absolute assurance that my recommendation will be approved." The court then allowed the whole letter to be read. It is insisted that the letter was only a proposition of compromise, and should not have been admitted.

In 1 Greenl. Ev., sec. 192, the learned author, after showing that a distinction is taken between the admission of particular facts and an offer of a sum of money to buy peace, adds: "But, in order to exclude distinct admissions of facts, it must appear either that they were expressly made without prejudice, or, at least, that they were made under the faith of a pending treaty, and into which the party might have been led by the confidence of a compromise taking place. But, if the admission be of a collateral or indifferent fact, such as the handwriting of the party, capable of easy proof by other means, and not connected with the merits of the cause, it is receivable, though made under a pending treaty. It is the condition, tacit or express, that no advantage shall be taken of the admission, it being made with a view to, and in furtherance of, an amicable adjustment, that operates to exclude it. But if it is an independent admission of fact; merely because it is a fact, it will be received; and even an offer of a sum by way of a compromise of a claim tacitly admitted is receivable, unless accompanied with a caution that the offer is confidential." To same effect see Church v. Steele's Heirs, 1 A. K. Marsh., 328; 1 Am. & Eng. Enc., Law (2d Ed.), 716; Evans v. Smith, 5 T. B. Mon., 364, 17 Am. Dec., 74.

The letter came from the chief agent of the company who had charge of this department, and must be regarded its act. In so far as it stated the facts shown by the remeasurement,

it was admissible in evidence, and the court properly so held. He also properly allowed the company to give in evidence the remainder of the letter, as it was entitled to have the entire document read where part was omitted, if it so desired.

The written contract between the parties contained this provision: "The said work shall be executed in strict conformity to the specifications and such explanatory instructions as may from time to time be given by the said chief engineer or the engineer in charge of the work. The amount of work performed under this contract shall be determined by the measurements and calculations of the engineer in charge of the work, who shall have full power to condemn and reject any and all work which, in his opinion, does not conform to the requirements hereof. Should any dispute arise between the parties respecting the true construction or meaning of the specifications, the same shall be decided by the said chief engineer, and his decision shall be conclusive and binding upon all parties hereto."

It is earnestly maintained for the company that the estimates of the engineer in charge are conclusive on Manion, unless fraudulent, or so grossly erroneous as to imply fraud or a failure to exercise an honest judgment. City of Covington v. Limerick (19 R.,330) (40 S. W., 254), and cases ciedt. The contract in this case is different from that in the Limerick case. That contract provided that the decisions of the engineer should be final and binding on both parties. There is no such provision in the contract before us. It simply provides that the amount of work performed under the contract shall be determined by the measurements and calculations of the engineer in charge. This is nothing more than a stipulation for a means of determining the amount of the work, and the determination by the engineer is en-

titled to no more weight than a determination by the concurrent act of the two parties under a provision requiring the amount of work to be done to be settled in that way. If the engineer was guilty of fraud or made a mistake, it may be shown. Fraud or mistake is a ground for relief from a settlement made by the parties themselves, and we see no reason why the same rule should not apply to a settlement made for them by the servant of one of them alone, unless the contract expressly provides otherwise. 2 Wood, Ry. Law, 1141; Railroad Co. v. Wilcox, 48 Pa., 161; Railway Co. v. Cummings, 6 Ky. Law Rep., 441; Underwood v. Brockman, 4 Dana, 309, 29 Am. Dec., 407.

The contract also contains this clause: "It is expressly agreed that no compensation for extra work and no compensation for any work other than the compensation herein stipulated shall be paid to the party of the first part, unless ordered or agreed to in writing by the said chief engineer." Some of the items sued for are for extra work not ordered or agreed to in writing by the chief engineer, and it is insisted that for this there can be no recovery. As to some of these items there is no dispute in the evidence that the work was done under a contract by which Manion was to be paid for it at an agreed price. As to others the dispute seems to be only as to whether the extra work should be paid for at 13½ cents a cubic yard, according to the written contract, or at the stipulated price claimed by him. The company received the work, and has enjoyed the benefits of it. Its agents in charge of its affairs superior to the engineer in charge knew it was done.

Though the parties to a contract may stipulate that it is not to be varied, except by an agreement in writing, they may, by a subsequent contract not in writing, modify it by mutual consent, and the parol contract will be enforced, un-

less forbidden by the statute of frauds. In Bishop on Contracts the rule is thus stated: "Though the written contract has a clause forbidding such oral alteration, and declaring that no change in it shall be valid unless in writing, such provision does not become a part of the law of the land; it is like any other agreement which is superseded by a new one. So that in spite of it an oral alteration may be validly made." Section 767. "Any contract may be varied by the parties before performance; for the power from the law to enter into the bargain equally authorizes them to abrogate or modify." Section 776. See, also Imerson v. Bridge Co., 5 Ky. Law Rep., 685; Baum v. Covert, 62 Miss., 113; Lewis v. Yagel (Sup.), 28 N. Y., Supp., 833; Van Deusen v. Blum, 29 Am. Dec., 582; Escott v. White, 10 Bush, 175.

By another clause of the contract it was stipulated: "The material shall be taken from such places as may be directed by the said chief engineer or the engineer in charge of the work. Land necessary for borrow pits shall be furnished by the party of the second part (appellant), and the party of the second part shall do all necessary track work." At one point in the work the borrow pit from which the engineer in charge directed the material to be taken was so inaccessible according to the appellee's proof, that it was impracticable to get it therefrom, and he then bought a borrow pit from which he got the material. The court instructed the jury that they could find for him the amount necessarily expended in this way if the borrow pit furnished by the defendants was not practicable for the work, but that if it was reasonably accessible, and Manion made the change merely for his own convenience, they should find nothing for him on this account. This was proper. The company, by the terms of the contract, was to furnish appellee "land necessary for borrow pits." Lands which could not practically be used

for borrow pits was not such as the contract contemplated. The word "necessary," must be given a reasonable construction, and the court properly submitted the matter to the jury by the instruction referred to.

It is unnecessary to notice in detail the other matters relied on for reversal. None of them affect the substance of the case. The instructions fairly submitted the issues to the jury, and their verdict is not so against the evidence a to warrant us in disturbing it.

Judgment affirmed.

Petition for rehearing by appellant overruled.