(February 9, 1917.)

J. W. MANEY, JOHN MANEY, H. G. WELLS and E. J. WELLS, Copartners Doing Business Under the Firm Name and Style of MANEY BROTHERS COMPANY, Appellants, v. IDAHO CONSTRUCTION COMPANY, LIMITED, a Corporation, Respondent.

[163 Pac. 297.]

CONTRACTS — ENGINEER'S ESTIMATES — CONFLICT IN EVIDENCE — FRAUD AND MISTAKE.

1. A contract for the construction of railroad work which provides that the chief engineer shall have the right to decide all questions arising between the parties thereto relative to said work, and as to the true intent and meaning of the provisions and specifications of the contract and the specifications under which the work is to be done, and that his decision shall be binding upon all parties to the agreement, does not make the estimates of quantities made by the chief engineer binding upon the parties.

2. A contract for the construction of railroad work which provides that the subcontractor shall be paid as per chief engineer's estimate sheet does not make the estimates of the chief engineer final and conclusive upon the parties to the contract.

3. In an action for the amount due for the construction of a railroad roadbed under a contract which does not make the estimates furnished by the chief engineer final and conclusive upon the parties, it is proper for the trial court to receive competent evidence to disclose the errors and mistakes of such estimates, if any there be. Such evidence is admissible without reference to the question of fraud or bad faith on the part of the engineer.

4. Where the evidence is conflicting and sufficient, the verdict of the jury will not be disturbed.

[As to effect of architects' certificates and engineers' estimates when provided for in contract, see note in 56 **Am. St.** 312.]

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Action to recover on account. Judgment for defendant. *Affirmed.*

V. P. Coffin and Ed. R. Coulter, for Appellants.

A provision in a building contract referring all matters in dispute to an engineer, architect or arbitrator for decision and declaring his decision thereof to be conclusive and final is valid and binding upon the parties in the absence of fraud, collusion or such gross error or mistake as would imply bad faith or failure to exercise an honest judgment on the part of the engineer. (*Martinsburg & P. R. Co. v. March,* 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. ed. 255; *Newman v. United States,* 81 Fed. 122; *Thompson v. Bradbury,* 5 Ida. 760, 51 Pac. 758; *Chicago, S. F. & C. R. Co. v. Price,* 138 U. S. 185, 11 Sup. Ct. 290, 34 L. ed. 917; *Sweet v. Morrison,* 116 N. Y. 19, 15 Am. St. 376, 22 N. E. 276; *Shriner v. Craft,* 166 Ala. 146, 139 Am. St. 19, 51 So. 884, 28 L. R. A., N. S., 450; *Young v. Stein,* 152 Mich. 310, 125 Am. St. 412, 116 N. W. 195, 17 L. R. A., N. S., 231; *Williams v. Chicago, S. F. & C. Ry. Co.,* 112 Mo. 463, 34 Am. St. 403, 20 S. W. 631; *Pope v. King,* 108 Md. 37, 15 Ann. Cas. 970, 69 Atl. 417, 16 L. R. A., N. S., 489; *Elliott v. Missouri, K. & T. R. Co.,* 21 C. C. A. 3, 74 Fed. 707; *Chicago S. F. & C. Co. v. Price,* 138 U. S. 185, 11 Sup. Ct. 290, 34 L. ed. 917.)

The contract may prescribe limitations and conditions as to substantive rights, but any attempt by the parties to stipulate as to the remedy is void. (*Nute v. Hamilton Mut. Ins. Co.,* 6 Gray (72 Mass.), 174, 2 Am. St. 566, note; 6 R. C. L., Contracts, sec. 160, p. 754.)

Nothing prevents parties from ascertaining and constituting as they please the cause of action which is to become the subject matter of decision by the courts. (*Holmes v. Richet,* 56 Cal. 307, 38 Am. Rep. 54; *Wortman v. Montana Cent. Ry. Co.,* 22 Mont. 266, 56 Pac. 316; *Thompson v. Charnock,* 8 Term Rep. 139, 101 Eng. Reprint, 1310; *Scott v. Avery,* 5 H. L. Cas. 811, 10 Eng. Reprint, 1121; *Williams v. Chicago, S. F. & C. Ry. Co.,* 112 Mo. 463, 34 Am. St. 403, 20 S. W. 631.)

Edwin Snow, Harris & Smith and J. W. Galloway, for Respondent.

In the contract under consideration, it was provided that the decision of the chief engineer should be binding upon all parties to this agreement. It has been decisively settled by this court that such a provision in a contract is nugatory and void. (*Huber v. St. Joseph's Hospital,* 11 Ida. 631, 83 Pac. 768; *McCoy v. Able,* 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Louisville etc. Ry. Co. v. Donnegan,* 111 Ind. 179, 12 N. E. 153; *Board of Commrs. of Hamilton County v. Newlin,* 132 Ind. 27, 31 N. E. 465.)

The *ex parte* estimate of the engineer given in evidence for the first time on the trial could not be treated in any respect as an adjudication. (*Boteler v. Roy,* 40 Mo. App. 234; *McMahon v. New York etc. R. R. Co.,* 20 N. Y. 463; *Schwerin v. DeGraff,* 21 Minn. 354; *Wilson v. York etc. R. Co.,* 11 Gill & J. (Md.) 58.)

The respondent was reduced to the extremity of proving its case by the best evidence obtainable, which was right and proper. (*Spaulding v. Coeur d'Alene Ry. etc. Co.,* 5 Ida. 528, 51 Pac. 408; 5 Am. & Eng. Ency. of Law, 2d ed., 41, and cases there cited.)

RICE, J.—In July, 1910, the appellants entered into a contract with the Pacific & Idaho Northern Ry. Co., for the construction of the roadbed of said company from Evergreen, Idaho, to New Meadows, Idaho, a distance of about fourteen miles. Shortly afterward respondent entered into a contract with the appellants whereby as subcontractor it agreed to construct about three miles of the work. The appellants in their complaint alleged that during the construction of the work they paid out money upon time checks, orders, etc., and furnished supplies, teams and men for respondent in an amount aggregating $33,838.17, all of which was paid and furnished at the special instance and request of respondent and for which respondent promised to pay the appellants. It is admitted by appellants that the respondent was entitled to a credit for work done to the amount of $29,918.97, and judgment for the difference between the two sums is prayed for.

The respondent in its answer admitted that its account was properly charged by the appellants with various items to an amount aggregating $26,400, but denied that it should be charged with any greater sum. Respondent also alleged that the credits to which it was entitled for work performed under its contract with the appellants amounted to $37,329.80, and prayed for a judgment in the sum of $13,136.52.

The respondent further alleged in its answer that the plaintiffs fraudulently and arbitrarily, and in violation of good faith and their duty to the respondent, made or caused to be made and furnished to respondent false and untrue final estimates, so called, of the amount of work done by respondent under its said contract. Respondent also alleged that the appellants charged its account with certain spurious and fictitious items and overcharges over its protest and without its consent, and charged respondent's account with certain sums of money paid out to other parties without any authority from respondent and against its express direction, and that the sum of such spurious items and amounts paid over respondent's protest and against its consent amounted in all to $7,238.17.

The case was tried to a jury and judgment entered for defendant in the sum of $2,599.43, from which judgment the plaintiffs have appealed to this court.

During the course of the trial evidence of engineers was introduced tending to show that the number of yards excavated from certain cuts by respondent was in fact materially greater than the number of yards shown by the final estimate of the engineer of the railway company.

The appellants assign as error the action of the court in permitting the respondent to introduce such evidence, for the reason that the terms of the contract between the plaintiffs and defendant provided that the measurements of the said chief engineer were final and conclusive between the parties, and, further, for the reason that the introduction of such testimony tended to contradict and vary the terms of the final estimate of the chief engineer, and that no foundation was laid for such evidence in the pleadings.

Error is also assigned for the reason that the measurements of the engineer on the part of the defendant were taken more than three years subsequent to the completion of the work, and that it appeared by the evidence that during the three years intervening large quantities of material had been removed from the cuts by the railway company.

The provisions of the contract which it is claimed make the measurements of the chief engineer of the railway company final and conclusive between the parties to this action are all contained in two paragraphs of the contract.

In the fourth paragraph is found the following: "The chief engineer shall have the right to decide all questions arising between the parties hereto relative to said work, and as to the true intent and meaning of the provisions and specifications in this contract and of the specifications under which the work is to be done, and his decision shall be binding on all parties to this agreement."

The eighth paragraph is as follows: "It is understood and agreed by and between the parties hereto that the sub-contractor shall be paid for the work performed under this contract in the following manner: Ninety per cent of amount due

for work under this contract shall be paid on 25th of month following that in which work was done as per chief engineer's estimate sheet. The ten per cent retained monthly shall be payable immediately on payment of final estimate to Maney Bros. & Company by Pacific & Idaho Northern Ry. Company."

The foregoing provisions of the contract do not make the estimates of the chief engineer as to quantity of material moved final and conclusive upon the parties. In the absence of such an agreement his estimates do not partake of the nature of a final adjudication.

The contract in the case at bar is very similar to the contract under consideration in the case of *Illinois Central R. Co. v. Manion,* 113 Ky. 7, 101 Am. St. 345, 67 S. W. 40. In that case the contract stipulated that the engineer in charge should certify the amount done each month, and upon his certificate Manion should be paid ninety per cent of the sum earned, the remaining ten per cent to be paid on the final estimate. The court in discussing this contract said:

"It is earnestly maintained for the company that the estimates of the engineer in charge are conclusive on Manion, unless fraudulent, or so grossly erroneous as to imply fraud or a failure to exercise an honest judgment: *City of Covington v. Limerick,* 19 Ky. Law Rep. 330, 40 S. W. 254, and cases cited. The contract in this case is different from that in the Limerick case. That contract provided that the decisions of the engineer should be final and binding on both parties. There is no such provision in the contract before us. It simply provides that the amount of work performed under the contract shall be determined by the measurements and calculations of the engineer in charge. This is nothing more than a stipulation for a means of determining the amount of work, and the determination by the engineer is entitled to no more weight than a determination by the concurrent act of the two parties under a provision requiring the amount of work to be done to be settled in that way. If the engineer was guilty of fraud or made a mistake, it may be shown. Fraud or mistake is a ground for relief from a settlement made by the parties themselves, and we see no reason why

the same rule should not apply to a settlement made for them by the servant of one of them alone, unless the contract expressly provides otherwise: 2 Wood's Railway Law, 1141; *Memphis etc. R. R. Co. v. Wilcox,* 48 Pa. St. 161; *Railway Co. v. Cummings,* 6 Ky. Law Rep. 441; *Underwood v. Brockman,* 4 Dana (34 Ky.), 309, 29 Am. Dec. 407."

In the case of *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25, this court quoted from the case of *Memphis etc. R. R. Co. v. Wilcox, supra,* in part as follows:

"In this contract, however, this stipulation for finality is wanting, and this makes a most material difference. It provides for monthly estimates, and in the end for a final estimate by the engineer, without any declaration as to conclusiveness. His estimates and acts have no quality, therefore, of an adjudication. It must depend for finality on its inherent accuracy, and to test whether it be accurate or not, it is liable to be met by any competent proof, which would disclose its errors and mistakes, if there be any."

Continuing in its opinion in the Smith case this court said:

"In the contract here under consideration it was not stipulated that the estimates of the engineer should be final, binding or conclusive upon the parties; therefore the allegations of fraud in the complaint were immaterial and the estimates of the engineer were subject to attack for inaccuracy, and it was proper for the trial court to consider all the evidence offered and admitted touching the amount, character and classification of material handled by respondent in the construction of the canal."

It appears to us that in regard to the matter under consideration there is no material difference between this case and the case of *Smith v. Faris-Kesl Const. Co., supra.*

Under the contract neither the monthly estimates nor the final estimate were conclusive upon the defendant, and it was proper to receive any competent proof tending to show actual quantities of material handled in the excavations and fills. There was no error committed by the trial court in admitting the evidence offered.

The remaining error complained of is that the verdict was contrary to the evidence. It is claimed that the measurements by the defendant's engineers were made three years after the excavation, that in the meantime some material had been removed from the cuts, and that for this reason the measurements were inaccurate and not entitled to be admitted in evidence. There was testimony, however, to the effect that the cuts were in substantially the same condition as when they were first excavated by the defendant. The evidence was admissible, and it was proper for the jury to consider the same in arriving at its verdict.

In addition to the variation in the amount of material handled by respondent, an issue was raised and evidence introduced as to certain supplies furnished by appellants to other parties and charged to the respondent, the appellants claiming that they were authorized to do so and the respondent denying any authorization. Also that appellants had charged several thousand dollars against the respondent for men, teams and equipment furnished by appellants and used upon the work included within respondent's subcontract. The respondent contends that all such men, equipment and teams were furnished without its request and against its protest. There was also a considerable amount of testimony received as to the reasonable value of the services of such men, teams and equipment.

It is not necessary, however, to go into a detailed calculation to determine the full extent of the variation between the claims of the plaintiff and the defendant, as it sufficiently appears that there was ample latitude in the evidence to sustain the verdict.

The evidence being properly admitted and being conflicting, the verdict of the jury will not be disturbed by this court and the judgment of the district court will be affirmed. Costs awarded to the respondent.

Budge, C. J., and Morgan, J., concur.