# Kanawha-Knox Coal Company v. S. T. & J. M. Jackson.

(Decided February 9, 1926.)

## Appeal from Knox Circuit Court.

Contracts—Contract Provision that Engineer's Measurements Should be Basis of Settlement Held Not to Make Measurements Conclusive.—Provision, in contract for construction of railroad tracks and tipple, that obligor's engineer's estimate, when grading was completed, should be basis of final settlement, held only to provide basis on which settlement was to be made, and not to make engineer's estimate and measurements conclusive on obligee.

JAMES H. JEFFRIES and DISHMAN & TINSLEY for appellant.

HIRAM H. OWENS and J. D. TUBBLE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The Kanawha-Knox Coal Company needed railroad tracks and a tipple for the purpose of shipping its coal and made a contract with S. T. and J. M. Jackson for the work. This contract was in writing. Afterwards by a parol agreement they were employed to do and did other work outside of the original contract. They brought this suit against the company to recover the balance they alleged to be due them. The company controverted their right to recover the amount sued for and pleaded various items of damages as a counterclaim. On final hearing there was a judgment in favor of the plaintiffs for $5,966.07, with interest and cost. The coal company appeals.

The ground chiefly relied on for reversal is that the court did not give proper effect to the following clause in the written contract:

"It is understood and agreed by and between the first and second parties to this contract, that the party of the first part will advance to the parties of the second part one-fourth (¼) of the estimated amount of work done on the grading from time to time, providing the work is progressing in a satisfactory manner. It is fully understood that the said first party's engineer's (Mr. Lee) estimate is to be the basis of any advancement made by the party of the first part to said parties of the second

part, and that the said engineer's measurements, when the grading is completed, shall be the basis of final settlement.''

The proof for the plaintiffs is to the effect that on June 7 the engineer examined the work they had done, accepted it as complying with the contract and directed them to get out, and this they did; that the engineer never made to them any estimate of the work. The proof for the defendant shows that on June 28 the engineer wrote the coal company a letter inclosing his final estimate showing that the work only amounted to $3,958.20. But this letter was not sent to the plaintiffs and they did not know anything about this estimate until some time after the suit was brought, when they were shown a copy of the letter, and as they say were then told by the engineer that he had been instructed by the coal company not to let them know what his estimate was. The question presented is, are the plaintiffs concluded by the final estimates of the engineer? In 6 R. C. L., p. 963, after a discussion of the decisions on the subject, the rule under one line of the authorities is thus stated:

"But it has been said that to make conclusive the decision or certificate of an architect or engineer requires plain language in the contract, and that an estimate of the work done or amount due is not conclusive, in the absence of a provision in the contract to that effect. Under this view, a condition in a contract for work on a railroad that the amount of work performed under the contract shall be determined by the measurements and calculations of the engineer in charge, amounts to nothing more than a provision for a means of determining the amount of the work.''

This view of the subject was followed by this court in Illinois C. R. Co. v. Manion, 113 Ky. 12, where as here the contract did not provide that the engineer's estimates should be final and conclusive. Pointing out the difference between such a contract and one so providing, the court said:

"The contract in this case is different from that in the Limerick case. That contract provided that the decisions of the engineer should be final and binding on both parties. There is no such provision

in the contract before us. It simply provides that the amount of work performed under the contract shall be determined by the measurements and calculations of the engineer in charge. This is nothing more than a stipulation for a means of determining the amount of the work, and the determination by the engineer is entitled to no more weight than a determination by the concurrent act of the two parties under a provision requiring the amount of work to be done to be settled in that way.''

There is no substantial difference between the contract here before the court and the contract in that case. In Mercantile Trust Co. v. Hensley, 205 U. S. 309, the court thus stated the rule:

"To make such a certificate conclusive requires plain language in the contract. It is not to be implied.''

Clearly this should be the rule where the person who is to make the estimate or measurement is in the employment of the obligor in the contract; for it is not to be presumed that the obligee intended to make the obligor's measurements conclusive on him in the absence of clear language in the contract to this effect. The provision that "the said first party's engineer's estimate is to be the basis of any advancement made'' does not mean that the obligor was not to pay for any work done that was not estimated. It only fixed a basis for the payments to be made as the work progressed. The provision that the "engineer's measurements when the grading is completed shall be the basis of final settlement'' only provides the basis on which the settlement is to be made—that is, the beginning point of the settlement—there being nothing making these measurements conclusive. If this was not the meaning, there would be nothing to settle but the amounts paid on the work. That is not the ordinary meaning of a provision for a final settlement. The contract provides for a final settlement by the parties and it simply provides a basis on which and on other facts they are to make the settlement. To construe it otherwise would be to hold that the obligee by the contract left it to the obligor to measure the work and determine what he should be paid; for Lee was simply one of the company's men and wholly controlled by it.

The matters in issue, both under the petition and on the counterclaim, were fairly submitted to the jury by the instructions of the court, and the verdict of the jury is not palpably against the evidence. On the whole record no error is perceived to the prejudice of appellant's substantial rights.

Judgment affirmed.