## No. 15,952.

CANTRELL *v.* LEMONS ET AL.

(200 P. [2d] 911)

Decided December 6, 1948.

Messrs. BOYLE & MORRIS, for plaintiff in error.

Mr. GEORGE M. CHERRIE, for defendants in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, Cantrell, owned certain real estate in Fremont county upon which he and his wife operated a restaurant and saloon. On May 12, 1945, at their place

of business, they entered into purported agreement with defendants in error, Ireland, for the sale to them of the premises and business, in connection with which the following instrument was written out by Cantrell's wife as dictated to her by Cantrell and Ireland, and signed by them:

"5/12 — 1945

"Contract between first party J. D. Cantrell & second party W. B. Ireland.

"The said first party J. D. Cantrell has agreed to sell to second party W. B. Ireland our real estate and fixtures for the sum of $9000.00

"Further agreed to pay invoice price for all stock on day of delivery—May 24, 1945. J.D.C. W.B.I. And W. B. Ireland will take possession May 24-1945.

"W. B. Ireland has forfeited $100.00 check for completion of this contract.

"J. D. Cantrell
W. B. Ireland"

Two days later the parties went together to the office of an attorney in Canon City who, at their mutual request, prepared a deed for conveyance of the real estate involved. Thereafter, the attorney who had been so mutually employed prepared a proposed agreement between Cantrell and the Irelands providing that Cantrell, as part of the consideration for his sale of the business, should not, directly or indirectly, for a period of five years, engage in any like business to that sold within a specified area. Upon presentation of this instrument some time later to Cantrell for signature he refused to sign it and later commenced operation of a retail liquor store in a neighboring community. In September, 1946, the Irelands contracted to sell the real estate, fixtures and business to Norman Lemons, whereafter the business continued to be operated by Lemons, but the title was held by the Irelands pending full payment therefor.

In May, 1947, this action was brought for injunction and damages by Lemons and the Irelands against Can-

trell, based on his promise as inducement to the sale, that he would not engage in like business to that sold within a period of five years from date of sale, and his violation of that promise. Cantrell, by his answer, admitted the sale to plaintiffs, Ireland, and his present operation of a retail liquor store, but denied any covenant not to engage in such business or any agreement whatsoever with the Irelands other than the written agreement hereinabove set out. Upon trial of the cause, the issues were found for plaintiffs and an injunction was issued, but without award of damages.

Cantrell here seeks reversal upon the grounds: (1) That the court erred in permitting recovery upon a parole agreement which contradicted the terms of a written contract. (2) That the judgment was contrary to the evidence. (3) That the Irelands suffered no damage; that there was no privity between Cantrell and Lemons, and that the agreement, if established, could not inure to his benefit.

■ (1) The rule is generally recognized that where the execution of a written contract has been induced by a contemporaneous parole promise not relating directly to the subject matter of the contract and such promise is not inconsistent with the provisions of the written contract, it will not be considered as merged therein and evidence of such parole promise is admissible. 9 Wigmore on Evidence (3d ed.), §2430; 3 Jones Commentaries on Evidence (2d ed.), §1492. But the courts have not been in full agreement as to the applicability of that rule to the promise of the vendor of a business not to reengage therein when given as inducement or consideration for its sale, where the formal written agreement of sale makes no mention of such restriction. The completeness and detail of the written agreement, the aid of counsel in its preparation, failure of timely objection, and other circumstances surrounding the transaction appear to be influencing factors in some cases rejecting such evidence, as in *Wessell v. Havens,* 91 Neb. 426, 136

N.W. 70, although the decision may be based on the parole-evidence rule. At least in a case such as that now before us, where the written instrument relied on lacks many necessary elements of agreement and is so inexpertly prepared, evidence of the parole inducement is properly received. See full discussion in *Locke v. Murdoch*, 20 N. M. 522, 151 Pac. 298; also *Fusting's Executors v. Sullivan*, 41 Md. 162; *Welz v. Rhodius*, 87 Ind. 1; *Durham v. Lathrop*, 95 Ill. App. 429.

■ (2) The Irelands testified that in discussing the sale and as an inducement to their agreement to purchase, Cantrell said he was retiring from business and would not engage in business for a period of five years. Both Cantrell and his wife, on the contrary, testified that he refused to sign an agreement to stay out of business. The attorney to whom they went two days later for preparation of the deed testified that Ireland insisted that if he bought Cantrell out, Cantrell could not go back into business; that "Mr. Cantrell said, 'If I was going back into business, I wouldn't be selling out; I am not going back into business; I have no idea of going back into business,'" and that Cantrell said he was willing to enter into a contract with the Irelands that he would not go back into business. Plaintiffs properly offered the testimony of the stenographer as to her shorthand notes of what was said on that issue in her presence but, on objection of defendant, it was refused by the court. The attorney further testified that such provision was verbally agreed to in his presence as part of the transaction but that his stenographer was so pressed for time that she could not prepare that part of the agreement that day, and that it was drawn and sent to Ireland shortly afterward. The evidence clearly supports the judgment.

(3) No authority is cited to support the third contention. Such an agreement not to engage in business is assignable, and upon sale of the business and good will, will pass to a new purchaser and the assignee may enforce it. *Coker & Bellamy v. Richey*, 104 Ore. 14, 204

Pac. 945; *Sickles v. Lauman,* 185 Ia. 37, 169 N.W. 670; 4 A.L.R. 1073 with annotation.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HAYS concur.