472 P.2d 729 (1970)
William F. STEVENS, Plaintiff in Error,
v.
VAIL ASSOCIATES, INC., a corporation, and Vail Associates Limited, a limited partnership, Defendants in Error.
No. 70-245. (Supreme Court No. 23597.)
Colorado Court of Appeals, Div. II.
June 30, 1970.
Phelps, Hall & Keller, Glen E. Keller, Jr., Denver, Eugene D. Lorig, Eagle, for plaintiff in error.
Tweedy, Mosley & Young, James H. Mosley, Denver, for defendants in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in the same order they appeared in the trial court and will be referred to hereafter as they there appeared or by name.
Plaintiff was one of the original limited partners of defendant Vail Associates, Limited, which was later incorporated to form the other defendant. The partnership owned lands included in Vail Village, First Filing. On March 15, 1962, the individual partners were given the option to purchase certain lots of their choice within Vail Village for a very nominal price, provided they would build a residence on the site they selected prior to December 31, 1962. Plaintiff exercised his option to purchase a lot within the area on or before April 18, 1962, and in May of that year began *730 construction of a residence which he alleged to have cost in excess of $65,000. The house was substantially completed prior to August 10, 1962, when defendants recorded protective covenants regarding Vail Village, First Filing (including plaintiff's property). In September of 1962, plaintiff paid the nominal purchase price for the building site and defendants executed and recorded a warranty deed to plaintiff, which was not delivered to him until November 2, 1962. On September 24th of that same year, plaintiff executed an agreement to honor the recorded restrictive covenants then of record as to his particular property.
Some three and one-half years later, plaintiff filed suit alleging, among other things:
1. That he had been induced to select the particular lot on which he built his residence on the basis of a site-plan map purported to be the "Master Plan of Vail Village," presented to him at the time the purchase option offer was made by defendants. (Plaintiff attempted to offer this evidence as his Exhibit B.)
2. That the protective covenants adopted and recorded by defendants, after construction of plaintiff's residence was substantially completed, varied materially from the original "Master Plan" so far as the land uses immediately adjacent to his lot.
3. That had he known at the time he selected his site and spent construction moneys, of the restrictive covenants eventually adopted, he would not have selected that particular site.
4. That defendants are liable to him for damages resultant from the change in land use of the adjacent lots.
The record does not disclose discussions between court and counsel in chambers prior to trial of the matter; but we deduce from the record and briefs filed in this action that the chronology of events set forth above was agreed upon by the parties, and that the only material issue placed before the court was: Can plaintiff present proof of the alleged inducement, reliance, and damage regarding matters of negotiation prior to the issuance of the deed, or are all these matters merged by the deed incorporating by reference the restrictive covenants ?
At trial, the court accepted all of defendants' exhibits, which included evidence of the deed and the restrictive covenants, the written acceptance of the covenants as to plaintiff's property, and the title insurance policy setting forth the restrictions, among other things; but the court refused to admit any of plaintiff's Exhibits A through I, which were the "Master Plan Map" and certain documents purportedly relevant thereto. The court apparently ruled that plaintiff's exhibits were inadmissible under the parol evidence rule because of the merger by deed.
Without the exhibits, and in particular the "Master Plan" (Exhibit B), plaintiff was unable to prove his case and judgment was rendered in favor of defendants.
We rule that plaintiff's exhibits should have been admitted into evidence and that plaintiff is entitled to a new trial.
Defendants have strongly maintained the deed created a merger, and the only issue in this case is whether or not the parol evidence rule is still applicable in this state. They may rest assured that the rule is still alive and well in Colorado; but it is not applicable to this particular fact situation.
Plaintiff does not maintain that the recorded restrictive covenants are not applicable to the building site which he purchased. He accepted the deed and voluntarily signed the acceptance of the restrictions as to his particular building site, and there was clearly a merger so far as his site was concerned.
He does not complain about the validity of that contract. The alleged contract which he chooses to sue on is a collateral agreement regarding representations as to off-site land uses which he claims were an inducement to his selection of the particular building site in question.
*731 The facts in this case fall within the broad general rule set forth in Cantrell v. Lemons, 119 Colo. 107, 109, 200 P.2d 911, 912, in which the court said:
"The rule is generally recognized that where the execution of a written contract has been induced by a contemporaneous parole [sic] promise not relating directly to the subject matter of the contract and such promise is not inconsistent with the provisions of the written contract, it will not be considered as merged therein and evidence of such parole [sic] promise is admissible. 9 Wigmore on Evidence 3d Ed., Sec. 2430; 3 Jones Commentaries on Evidence 2d Ed., Sec. 1492."
The Supreme Court has applied this principle frequently with regard to instruments other than deeds. See McCaffrey v. Mitchell, 98 Colo. 467, 56 P.2d 926, 57 P.2d 900 (Promissory Note); Frosh v. Sun Drug Co., 91 Colo. 440, 16 P.2d 428 (Lease with Off-site Improvements); and Shore v. Wallace, 117 Colo. 301, 186 P.2d 581 (Hauling Contract).
In applying the general rule to the particular fact situation before us, we find this to be a case of first impression in the State of Colorado, and that there is a split of authority in foreign jurisdictions as to the applicability of the rule.
We determine the better rule to be that oral agreements as to off-site improvements or land uses of adjacent properties may be independent collateral agreements which need not be included in the deed conveying property and are not merged. Pollyanna Homes, Inc. v. Berney, 56 Cal.2d 676, 16 Cal.Rptr. 345, 365 P.2d 401.
The facts before us present an instance not of promises made as part of an integrated contract culminating in the deed; but certain alleged representations made as an inducement to contract. Our position is perhaps more clearly stated in Contract Making and Parol Evidence: Diagnosis and Treatment of a Sick Rule, 53 Cornell L.Rev. 1036 at 1039:
"The theory seems to be that parties do not normally integrate representations, but they do integrate promises. Put another way, we can expect parties to put promises in writing but even a prudent contracting party may not include representations."
We therefore adopt the rule of the Restatement of Contracts, § 240, implicit in Cantrell, supra, which states:
"An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject matter, if the agreement is not inconsistent with the integrated contract, and (a) is made for a separate consideration, or (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to written contract."
See also, Wigmore, Law of Evidence, § 2430, and (although a fraud case) Richard v. Baker, 141 Cal.App.2d 857, 297 P.2d 674.
Defendants have placed great stress on Nelson v. Farr, 143 Colo. 423, 354 P.2d 163, as the principal support of their theory in this case. The fact situation in that instance was entirely different from the one before us at the present time. In that case there was no collateral agreement prior to the purchase of land by plaintiffs which induced them to buy their land. After their purchase, they then attempted to apply the restrictive covenants applicable to their property to adjacent properties which were not involved in any way in their contract negotiations with the land developer. In the case before us, plaintiff is not in any way attempting to impose any restrictions on the adjacent land or to change the restrictions either as to his own lands or the adjacent lands; he merely wants damages for the change in restrictions after he was allegedly induced to commence construction in reliance on a different set of restrictions. The other Colorado cases cited by defendants, while involving correct statements of the law, *732 are not applicable to the fact situation before us.
It would appear that plaintiff's Exhibit B, and such other of plaintiff's Exhibits A through I as are shown by the evidence to be pertinent to the alleged inducement, should have been entered into evidence, and the Court should have then proceeded to determine whether or not there was an inducement upon which plaintiff relied and, if so, was any damage resultant therefrom.
Judgment is reversed and the case remanded for new trial in conformity with this opinion.
COYTE and DUFFORD, JJ., concur.