502 P.2d 424 (1972)
FLOWER HAVEN, INC., a Colorado corporation, Plaintiff-Appellee,
v.
Paul S. PALMER, Defendant-Appellant.
No. 71-395.
Colorado Court of Appeals, Div. I.
August 15, 1972.
As Modified on Denial of Rehearing September 6, 1972.
*425 Terence J. Hunter, Boulder, for plaintiff-appellee.
Wormwood, Wolvington & Dosh, Byron G. Rogers, Jr., Denver, for defendant-appellant.
Not Selected for Official Publication.
DWYER, Judge.
In this action to enforce a covenant not to compete, Flower Haven, Inc., obtained a decree enjoining Paul S. Palmer, defendant-appellant, from engaging in business in violation of the covenant.
For some time prior to January 1970, the defendant was engaged in the retail florist business under the trade name of Flower Haven and Gift Shop in Boulder, Colorado. Defendant sold the assets and good will of this business to Harland and Florence *426 O'Neal, and in connection with the sale, defendant, on January 31, 1970, signed a covenant not to compete by the terms of which he agreed not to engage in the retail florist business, directly or indirectly, in the City of Boulder for a period of five years.
The O'Neals operated the business until they sold it in March of 1971. To carry out the sales transaction, the O'Neals transferred the assets and good will of the business to a corporation, Flower Haven, Inc., which the O'Neals organized. The O'Neals then transferred all of the capital stock of the corporation to the purchasers and, on April 1, 1971, assigned the covenant not to compete to Flower Haven, Inc.
Subsequently, the defendant commenced the operation of a retail florist business known as Palmer's Flower and Gift Center in Boulder, Colorado. Flower Haven, Inc., then brought the present action against defendant seeking an injunction. The trial court found that defendant was engaged in business in violation of the covenant; that plaintiff was damaged thereby; but, that the amount of such damage had not been sufficiently established to permit a judgment for damages. The court permanently enjoined defendant from engaging in the retail florist business until February 1, 1975. The defendant has appealed. We affirm the judgment.
It is the general rule in Colorado that a covenant not to compete which is reasonable both in duration and in geographic scope will be enforced by injunction. Zeff, Farrington & Associates, Inc. v. Farrington, 168 Colo. 48, 449 P.2d 813. The court found the covenant to be reasonable, and defendant does not contend that either the five year period or the territorial restriction is unreasonable.
The defendant argues that injunctive relief should have been denied because there was no showing of irreparable harm or substantial injury to plaintiff and that the injunction was unnecessary to protect any legitimate interest of the plaintiff. The court found against defendant on these issues. The rules applicable to the enforcement of a covenant not to compete are stated in Ditus v. Beahm, 123 Colo. 550, 232 P.2d 184, as follows:
"Where an established business has been sold with its good will and there is a valid covenant not to compete, a breach is regarded as the controlling factor and injunctive relief follows almost as a matter of course. In such cases the damage is presumed to be irreparable, and the remedy at law is considered inadequate. It is not necessary that the buyer first prove special pecuniary damages or show an actual loss of customers who might in any event have discontinued their patronage. Injunctive relief may be given, even though only nominal damages are shown or although no actual damage is shown."
The trial court's findings are supported by the record, and its conclusion that plaintiff was entitled to injunctive relief is in accordance with applicable law.
Defendant also argues that the injunction imposes an undue hardship upon him. The trial court found that the injunction was necessary to protect the good will of plaintiff's business. Under these circumstances, the fact that hardship will result from enforcement of the covenant is not a defense to a wilful and deliberate violation of a reasonable covenant. See Zeff, Farrington & Associates, Inc. v. Farrington, supra.
The defendant contends that his covenant not to compete cannot be enforced against him by plaintiff whose rights were acquired by assignment from defendant's vendee. The Colorado Supreme Court has held that "[s]uch an agreement not to engage in business is assignable, and upon sale of the business and good will, will pass to a new purchaser and the assignee may enforce it." Cantrell v. Lemons, 119 Colo. 107, 200 P.2d 911. The covenant here involved contains no provision concerning the right of the vendee to assign it. In the absence *427 of any provision restricting assignment of the covenant, the vendee had a right to assign it in connection with the sale of the assets of the business which he had purchased.
Defendant contends that the covenant is ambiguous and incomplete on its face, that the true intention of the parties was that the covenant could not be assigned, and that the court improperly excluded evidence of such intent.
The covenant was neither ambiguous nor incomplete. Under the covenant, the vendee acquired a right to prevent the defendant from competing with the business he sold. The vendee's rights under the covenant were assignable. Cantrell v. Lemons, supra. Parol evidence is inadmissible to vary the terms or legal effects of the covenant. See Randolph v. Helps, 9 Colo. 29, 10 P. 245.
Defendant also contends that plaintiff could not enforce the covenant because the assignment of the covenant was without consideration. The court found that the assignment was supported by consideration because it was transferred with, and as part of, the good will and assets of the business. Since the trial court found the assignment supported by consideration, it is unnecessary to consider the validity of defendant's contention in regard to the necessity of consideration for the assignment.
The defendant contends that the judgment entered by the clerk is inconsistent with the judgment of the court. In its written order, the court enjoined the defendant from engaging in the retail florist business within the exterior boundaries of the City of Boulder, State of Colorado, until February 1, 1975. This was the proper judgment, and to the extent the judgment as entered by the clerk is inconsistent, it should be amended.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.