[No. 3607.]

# THE WATER SUPPLY AND STORAGE CO. V. THE LARIMER AND WELD RESERVOIR CO. ET AL.

1. WATER RIGHTS—TRIBUTARIES—PARTIES.

An appropriator of water from a stream may require a junior appropriator from a tributary which joins the stream below the point of intake of the former's ditch, to surrender his use of water in favor of appropriations, senior to both, below the point where the tributary joins the stream, before the former appropriator is required to surrender his use. And to determine the rights of the two parties as to which should first surrender water to supply the senior priorities below it is not necessary that the senior appropriators below should be made parties to the proceeding.

2. PLEADING—DEMURRER—HARMLESS ERROR—DEFECT CURED.

A defective complaint may be aided, and omissions supplied by the answer, or by allegations in the replication if acquiesced in. An error in overruling a demurrer to a complaint is harmless where the defect or omission in the complaint was subsequently supplied by the answer and replication.

3. JUDGMENTS—RES JUDICATA.

A judgment on the merits is only conclusive between the parties when the question to be determined in the second action is the same question judicially settled in the first.

4. WATER RIGHTS—WASTE WATER RETURNED TO STREAM.

Waste water from irrigating ditches which is again returned to the stream or its tributaries, becomes a part of the water of the stream the same as though never diverted, and inures to the benefit of appropriators in the order of their appropriations.

*Error to the Court of Appeals.*

THE Water Supply and Storage Company commenced this action in the district court of Larimer County against the Larimer and Weld Reservoir Company and R. Q. Tenney, water commissioner. For convenience, the Water Supply and Storage Company will be mentioned as the storage company, and the Larimer and Weld Reservoir Company as the reservoir company.

In its complaint, the storage company alleged that it is the owner of the Larimer county ditch, to which a priority has been awarded from the Cache la Poudre river; that the reservoir company owns a reservoir, known as Terry lake, the appropriation for which is junior to that of the Larimer county ditch; that the water for this reservoir is obtained from Dry creek, a tributary of the river; and that the natural supply in this creek was augmented by the waste waters from irrigating ditches; that the diversion by the reservoir company infringed upon the rights of the storage company; that the water commissioner had knowledge of the storage of water in Terry lake, and permits it, to the detriment of the storage company, and likewise, permits water to flow by its head-gate, and will not permit the storage company to divert the water so flowing by the head-gate of its ditch. To this complaint the reservoir company interposed a general demurrer, which was overruled. For answer, this company, *first*, admitted that Dry creek is a tributary of the river, supplied in the manner charged by the storage company, and that it obtains water from the creek for its reservoir, and with the exception that Tenney was water commissioner, denied the other allegations of the complaint; *second*, alleged the rendition of a judgment in a case where it was plaintiff and the storage company defendant, in which, under the issues made by the pleadings therein, and the judgment rendered in the action, it appears the right of the reservoir company to the use of the waters of Dry creek, by direct diversion, was adjudged superior to those of the storage company, or that the latter should refrain from maintaining its canal in such manner as would interfere with the use of water by the former

from this source. It also appears from this answer, that Dry creek empties into the river below the head-gate of the storage company's ditch.

For replication the storage company admitted the rendition and existence of this judgment, and averred, in effect, that the diversion of water from Dry creek, as stated in its complaint, required it to surrender water flowing by its head-gate, for the purpose of supplying prior appropriations below the mouth of Dry creek to the extent that the flow in the river above the point where these prior appropriators were supplied was diminished by the diversion from Dry creek by the reservoir company. The reservoir company moved for judgment on the pleadings, for the reason that the storage company did not deny the rendition of the judgment above mentioned, which motion was denied.

On the trial of the cause, it was stipulated there were appropriators below the mouth of Dry creek senior to those of the storage company, and that it was the intention of the reservoir company to continue a diversion of the waters of Dry creek, and that crops growing on the lands under the canal of the storage company were in need of water, and that for such purpose the entire amount of the storage company's appropriation was necessary. The court found that the reservoir company had diverted water from Dry creek during times of scarcity, and when the same was needed by the storage company, and decreed that the former should refrain from such diversion when needed by the latter, which injunction extended to waste waters flowing in the stream from Dry creek ditch, and enjoined the commissioner from permitting the reservoir company to store water in its reservoir, except when the storage company's canal was supplied, and directed that he permit sufficient to flow in this canal to fill it, not exceeding its appropriation, until such time as all the water of the river and its tributaries were needed by those whose appropriations were senior to the storage company. The storage company was permitted to introduce in evidence, over the objection of the reservoir company, the de-

crees entered in the adjudication proceedings had in the water district in which these ditches are located, whereby a priority was awarded the Larimer county ditch. The reservoir company sued out a writ of error, and removed the cause to the court of appeals, assigning as errors the orders of the trial court in overruling its demurrer; denying its motion for judgment on the pleadings, and rendering judgment against it and the water commissioner; the receiving in evidence of the decrees above noted, and the judgment of the court preventing it, as against the storage company, from diverting the waters of Dry creek arising from the waste or surplus water flowing therein from Dry creek ditch. The judgment was reversed by the court of appeals, and the storage company has removed the cause to this court on error.

Mr. GEO. W. BAILEY, Mr. H. I. GARBUTT, Messrs. ROGERS & SHAFROTH and Mr. HENRY C. VIDAL, for plaintiff in error.

Messrs. ROBINSON & LOVE and Mr. H. N. HAYNES, for defendants in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

The court of appeals, in passing upon the questions presented by the record in this case, held that a reservoir company taking water for storage, from a tributary, is not liable to be enjoined from so doing at the suit of an appropriator of water from the main stream above the mouth of the tributary, for the reason that the diversion by the former could not injure the latter; and also held, that the right of appropriators below the point where such tributary joins the main stream cannot be determined except in a proceeding to which they are parties; and stated in the opinion, that it did not appear from the record there were any appropriations senior to those of the storage company below the mouth of Dry creek, and for these reasons reversed the judgment of the district court. *The Larimer and Weld Reservoir Co. et al. v. The Water*

*Supply and Storage Co.*, 7 Colo. App. 225.   These were the
only questions passed upon by the court of appeals, and it
becomes necessary to first determine whether or not its judg-
ment was correct.

In brief, it appears from the pleadings, stipulation regard-
ing the facts, and the findings of the trial court, which are
supported by the evidence, that the ditch of the storage com-
pany takes its water from the Cache la Poudre river; that
the reservoir company diverts its water from Dry creek;
that this stream joins the main stream below the intake of
the storage company's ditch; that the appropriation of the
storage company is senior to that of the reservoir company;
that there are appropriations below the point where Dry
creek joins the river senior to both the reservoir and storage
companies; that in times of scarcity of water there is not
sufficient flowing to the head-gate of the storage company's
ditch to supply it and the senior priorities below the mouth
of Dry creek; that the water commissioner permits the res-
ervoir company to divert the waters of Dry creek into its
reservoir, and that the latter company claims the right so to
do, without regard to the rights of the storage company.

The question here presented is identical with that passed
upon in the case of *The Platte Valley Irrigation Company v.
The Buckers Irrigation, Milling and Improvement Company*,
*ante*, *p.* 77, namely, an appropriator from a stream may re-
quire a junior from a tributary thereof which joins such stream
below the intake of the former's ditch, to surrender the use
of water from the tributary in favor of appropriations from
the main stream senior to both below the point where the
tributary joins it, to the extent that the volume flowing to
the head-gate of such appropriator is insufficient to supply
such senior appropriations and his own; or, in other words,
bearing in mind the conditions here present, an appropriator
from a stream may require a junior from a tributary which
joins such stream below the point of the intake of the form-
er's ditch, to surrender his use of water in favor of appropri-

.ations from the main stream senior to each below the point where the tributary joins such stream, before he does.

In this case the facts established clearly bring it within the doctrine above announced. The storage company diverts its water from the main stream; the reservoir company from Dry creek. There are appropriations senior to both below the point where Dry creek joins the stream. The appropriation of the storage company is senior to that of the reservoir company. In times of scarcity of water in the main stream, there is insufficient flowing to the head-gate of the storage company to supply it and the senior appropriations below, and, therefore, when these conditions exist, the storage company has the right to demand that the reservoir company shall first surrender the water which it claims the right to divert from Dry creek, in favor of senior appropriations below the mouth thereof, on the main stream, thereby, to this extent, augmenting the flow which shall reach such senior appropriations, and correspondingly decreasing the volume which must pass by the head-gate of the storage company for the use of such appropriations. It was held by the court of appeals, that the right of appropriators below the point where Dry creek joined the main stream, could not be determined except in a proceeding to which they were parties, but that was not a question presented for determination in this action. The parties conceded there were appropriators prior to both below the point where Dry creek joined the river, and the question for the court to determine was, not the rights of such appropriators as against either of the parties to this action, but what were the rights between the litigants with reference to the question as to which should first surrender water, in order to supply such senior priorities. Our conclusion is, that the court of appeals erred in its application of the law to the facts as presented by the record; and, not having passed upon the other assignments of error of the reservoir company, it becomes necessary to dispose of them in this court. The complaint of the storage company was inartificially drawn, certainly ambiguous; and,

alone, may have failed to state a cause of action, because it did not appear therefrom that the diversion of the Reservoir company from Dry creek was in any manner injuriously affecting its rights. A defective complaint, however, may be aided, and omissions supplied, by the answer, *D. & R. G. Ry. Co. v. Cahill*, 8 Colo. App. 158, or an allegation in the replication, if acquiesced in. Ibid. The reservoir company, by its answer, made it clear that Dry creek joined the river below the intake of the Larimer county ditch, and the storage company, by its replication, though in an informal manner, averred it was being required to surrender water for the use of senior appropriators below the mouth of Dry creek in volume equal to that diverted from this source by the reservoir company, to which statement in the replication the latter interposed no objection. Neither of these statements appeared in the complaint when the demurrer was interposed, and conceding that their omission was fatal, the judgment of the court, in overruling the demurrer, was error without prejudice; for, with these omissions subsequently supplied, a cause of action was stated in favor of the storage company.

It appears, from the facts as stipulated by counsel at the trial, that land of the consumers under the ditch of the storage company had been irrigated by water diverted through this channel before the construction of the reservoir by the reservoir company. This conclusively settled that the appropriation of the Larimer county ditch antedated that of the reservoir company from Dry creek, and, therefore, the admission of the decrees, awarding the Larimer county ditch a priority to the use of water from the Cache la Poudre river could in no manner have affected the finding of the trial court, with reference to the relative priorities of the litigants; and it is, therefore, unnecessary to determine whether such decrees were material or immaterial in this case.

The judgment which the reservoir company pleaded as a second defense in this action was *res adjudicata* between the parties to this suit on the one question as to which had the superior right to utilize the waters of Dry creek by direct

diversion; but this is not the question which the parties are here litigating, nor could it, under the issues made by the pleadings in that case, have been litigated or adjudicated therein, and, therefore, this plea was no defense to the action instituted by the storage company, for a former judgment on the merits is only conclusive between the parties when the question to be determined in the second action is the same question judicially settled in the first, *Huntley v. Holt*, 29 Conn. 102; but such judgment does not operate as an estoppel with respect to matters not determined therein which could not have been properly litigated under the issues in the action in which the judgment was rendered, see note to above case, 21 Am. St. Rep. 74.

It appears that the water from Dry creek ditch, which wasted into Dry creek, was water diverted from the river. Waste waters which are again returned either to the main stream, or its tributaries, become a part of the waters of the stream the same as though never diverted, and inure to the benefit of appropriators in the order of their appropriations; and the appropriation by the storage company, being senior to that of the reservoir company, the latter cannot complain of the order of the trial court, requiring it to desist from diverting the waste water from Dry creek ditch, when the storage company is in a position to demand that the reservoir company surrender its rights to the waters of Dry creek in favor of appropriations below the point where this creek joins the main stream. Kinney on Irrigation, §§ 183, 259.

The judgment of the district court should be affirmed; and the judgment of the court of appeals is, therefore, reversed, and the cause remanded, with directions to affirm the judgment of the trial court.

*Reversed and remanded.*