## No. 14,067.

LAS ANIMAS CONSOLIDATED CANAL COMPANY *v.* HINDER-
LIDER, STATE ENGINEER, ET AL.

(68 P. [2d] 564)

Decided May 17, 1937.

Mr. A. C. JOHNSON, for plaintiff in error.

Mr. ARTHUR C. GORDON, for defendants in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as the Las Animas company, the engineer, and the Fort Lyon company respectively; and the Catlin Consolidated Canal Company as the Catlin company. In an amended complaint setting forth the decreed priorities to the use of water for irrigation of the two companies first named and a certain contract, hereinafter referred to as "A," signed by the three, and allegations of a violation of its rights thereunder, the Las Animas company sought herein a declaratory judgment defining the rights and status of these parties under said decrees and contract. Thereto attached as an exhibit, hereinafter referred to as "B," was a ruling of the engineer covering the same subjects. A demurrer to the complaint, for defect of parties and want of facts, was filed, and sustained on the second ground. The Las Animas company elected to stand and judgment was entered accordingly. To review that judgment it prosecutes this writ.

The judgment herein finds "A" to be a valid and subsisting contract, clear and unambiguous in its terms, and its interpretation by "B" the only one possible, and orders the water in dispute administered accordingly. The correctness of that finding and order is the only action of the trial court challenged by the four assignments.

The validity of "A" has been definitely adjudicated here. *Reorganized Catlin Co. v. Hinderlider*, 80 Colo. 522, 253 Pac. 389; *Kurtz v. Reorganized Catlin Co.*, 96 Colo. 227, 41 P. (2d) 239.

Since the substance of "A" and the setting of this controversy are sufficiently set forth in the opinions in those two cases we do not here further encumber the record, save for specific quotations from "A" herein involved, and hereinafter quoted. So far as now directly involved "A" reads: "This agreement * * * witnesseth: that

510

\* \* \* Whereas, although the Las Animas Consolidated Canal Company still protests that the decree in its favor entered on the fourth day of November, 1897, is valid and effective and should in equity be maintained and upheld; yet, because of the fact that the seepage water finding its way into the Arkansas River below the headgates of the respective canals of the parties of the second part has been and is increasing with each year, so that the Las Animas Consolidated Canal Company is now reasonably satisfied that by means of said seepage it will be enabled eventually to have a full satisfaction of its priority as awarded by the said amendatory decree;" \* \* \*

"Now, therefore, this agreement witnesseth:

"1. That the said \* \* \*.

"2. In consideration thereof, and of the premises above recited, the said the Las Animas Consolidated Canal Company covenants and agrees with the Catlin Consolidated Canal Company and the Fort Lyon Canal Company that it will not call for or make any demand for water to supply the said Jones Ditch and the consumers thereunder until the senior priorities of the Catlin canal and the Fort Lyon canal, as recognized by this agreement, are fully satisfied."

The Las Animas company now claims certain water which it contracts by paragraph 2, supra, "it will not call for or make any demand for," and prays herein a declaratory judgment holding that nothing in "A" forecloses such claim. It further seeks by parol to prove that such interpretation of "A" conforms to the intent of the parties at the time of the execution of that document. A simple reading of said paragraph 2 is a complete answer to that prayer. The paragraph is plain and unambiguous, and, standing alone, susceptible of but one construction, and that the one that has been put upon it by the engineer and the court. Words could add nothing to it. Hence, by a rule of law too ancient, reasonable, and repeatedly declared, to require restatement or the citation of authority, it cannot be varied by parol.

But in answer to this the Las Animas company points to the recital first above quoted and stoutly maintains that it governs and modifies paragraph 2. This it supports with the rule that a contract must be interpreted as a whole, that the recitals therein should be looked to in its construction, that such recitals often make its object and purpose perfectly clear, and asserts that such is the case with respect to the quoted recital in "A;" citing *Jewel Tea Company v. Watkins*, 26 Colo. App. 494, 497, 145 Pac. 719; 13 C. J. 521, 525.

Allegations to that effect in the amended complaint are answered by the Fort Lyon company with the proposition that a demurrer does not admit conclusions of law, and the citation of numerous authorities in support thereof. That proposition is likewise too well settled to justify comment.

The Las Animas company would have the water officials and the courts make some distinction herein between seepage water and other water in the natural stream. The law makes none and nature forbids it. *Clark v. Ashley*, 34 Colo. 285, 82 Pac. 588; *Water Supply & Storage Co. v. Reservoir Co.*, 25 Colo. 87, 94, 53 Pac. 386.

As to the province of recitals: It frequently occurs that contracts contain recitals which are mere inducements. They may relate to one party and not to the other. Hence in given instances they may be no aid to interpretation.

"If one clause is at variance with another [and the present apparent conflict can amount to nothing more], the one contributing most essentially to the contract will be entitled to more consideration than that which contributes less, or, as has been said, the clause which essentially requires something to be done to effect the general purpose of the contract itself is entitled to greater consideration than the other." 13 C. J., p. 536, §497.

"While recitals may have a material influence on

the construction of the instrument and the determination of the intent of the parties, they are not strictly any part of the contract. Hence recitals where wider than the contractual stipulations can not extend them." 13 C. J., p. 538, §502. What particular reasons induced the Las Animas company to enter into "A" were and are of small moment to the Fort Lyon company and, strictly speaking, are ex parte. But paragraph 2, supra, embodies the very soul of their agreement. To modify it by the recital is to nullify it and make for the parties a contract which they certainly never made for themselves.

The judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND concur.