D.G. MASHBURN and E.L. Mashburn, Plaintiffs,

v.

Don E. WILSON, d/b/a Wilson Associates Realty, Defendant-Appellee,

and

Mike Poseley, d/b/a United Farm Agency, Defendant-Appellant.

No. 82CA1076.

Colorado Court of Appeals, Div. II.

Sept. 13, 1984.

Rehearing Denied Nov. 23, 1984.

Certiorari Granted May 20, 1985.

Russell, Angelo & Wright, P.C., Wyatt B. Angelo, Gunnison, for defendant-appellee.

Bratton and Zimmerman, L. Richard Bratton, Gunnison, for defendant-appellant.

SMITH, Judge.

In this interpleader action, co-defendant Mike Poseley, doing business as United Farm Agency (Poseley), appeals the trial court's entry of summary judgment in favor of co-defendant Don Wilson, doing business as Wilson Associates Realty (Wilson). We affirm.

Wilson and Poseley are real estate brokers working in Gunnison County, Colorado. The dispute herein concerns the interpretation of a document titled "Commission Agreement" (Agreement), in which both parties agreed to pool and then share equally the combined commissions to be earned by them in a two-step real estate transaction intended to culminate in a tax-free exchange of properties.

As the exchange was initially contemplated, plaintiffs, the Mashburns, were to purchase property known as the Little Ranch and then exchange that property with the Youmans for the Youmans Ranch. In furtherance of the transaction, the Mashburns agreed to pay Wilson a $100,-000 commission upon consummation of the Little Ranch purchase. Before the Mashburns submitted their offer to purchase the Little Ranch on November 18, 1980, however, the Youmans had decided not to go through with the exchange. Nevertheless, with the expectation that the Youmans might later agree to the exchange, the Mashburns submitted their offer and ultimately purchased the Little Ranch.

On November 20, 1980, Wilson and Poseley discussed how to share their prospective commissions from the exchange. Poseley expected to earn a $135,000 commission from the Youmans upon consummation of the exchange. Poseley claims, and for the purposes of the motion for summary judgment Wilson admits, that on November 20, 1980, Wilson agreed to share the $100,000 Mashburn commission equally with Poseley.

On November 21, 1980, both parties signed the Agreement drafted by Wilson, which provides as follows:

"IT IS HEREBY AGREED that WILSON ASSOCIATES REALTY and UNITED FARM AGENCY shall pool the total commission derived from the Mashburn/Youmans transaction and the Mashburn/Little transaction. Said total pool of commission shall be divided on a 50/50 basis. WILSON ASSOCIATES REALTY has obtained a written commit-

ment from Mashburn for $100,000.00. UNITED FARM AGENCY shall obtain a written commitment from Youmans for a commission of $135,000.00 prior to the submittal of a contract from Youmans to Mashburn. Said agreement is totally conditional upon the consummation of Mashburn acquiring the Little Ranches and exchanging for the Youmans ranches."

In his deposition, submitted in support of the motion for summary judgment, Poseley admitted that the Agreement was the result of, confirmed, and reflected his understanding of the negotiations between the parties on November 20th.

When the property exchange did not occur a dispute developed between Wilson and Poseley as to whether they were to share the $100,000 Mashburn commission. Upon learning of this dispute, the Mashburns paid the $100,000 commission into the registry of the court and initiated this interpleader action. Both Wilson and Poseley cross-claimed for the entire amount.

After discovery, Wilson submitted a motion for summary judgment based primarily on the doctrine of merger and the parol evidence rule. Agreeing with Wilson that the Agreement was not ambiguous and that it incorporated all prior negotiations between Wilson and Poseley with respect to sharing of the commissions, the trial court granted Wilson's motion.

## I.

Poseley first contends that the trial court erred in finding the Agreement to be unambiguous and therefore not subject to interpretation by parol evidence. We disagree.

■ A contract susceptible of but one reasonable interpretation is not ambiguous, *Las Animas Consolidated Canal Co. v. Hinderlider,* 100 Colo. 508, 68 P.2d 564 (1937), and a court should not strain language or logic to create alternative interpretations. *Lampley v. Celebrity Homes, Inc.,* 42 Colo.App. 359, 594 P.2d 605 (1979).

■ The trial court concluded that the Agreement was not ambiguous because the

fifth sentence makes the obligation to pool and share commissions "totally conditional upon" consummation of the exchange. The determination of whether a contract is ambiguous is a question of law for the court, *Niles v. Builders Service & Supply, Inc.,* 667 P.2d 770 (Colo.App.1983), and we agree with the trial court's determination.

■ Both parties agree, and we concur, that the phrase "totally conditional upon" establishes a condition precedent in the Agreement. Thus, the commissions would be pooled and shared only in the event that the condition precedent, the exchange, occurred. *See Westmont Tractor Co. v. Viking Exploration, Inc.,* 543 F.Supp. 1314 (D.Mont.1982); *In re Oeflein's Estate,* 209 Wis. 386, 245 N.W. 109 (1932). Poseley's contention that the Agreement is ambiguous because it fails to specify what would happen in the event the exchange did not occur is without merit.

■ We find no merit to Poseley's contentions that the Agreement is ambiguous because the phrase "said agreement" in the fifth sentence refers to his agreement to obtain a commission commitment from the Youmans or refers to the Youmans' commitment to pay a commission to Poseley upon consummation of the exchange. When the plain language of the Agreement is interpreted so as to give effect to every part of the Agreement, *see Kugel v. Young,* 132 Colo. 529, 291 P.2d 695 (1955), the phrase "said agreement" refers to the agreement to split commissions.

## II.

■ Poseley next contends that, even if it is assumed the Agreement is unambiguous, the trial court erred in excluding parol evidence of his November 20 oral agreement with Wilson because the oral agreement is a separate contract governing a separate situation from that covered in the written Agreement. We disagree.

Poseley admitted in his deposition that the written agreement was a "confirmation" of "the agreement" between the parties, not a *portion* of the agreement. Ac-

cordingly, *Stevens v. Vail Associates, Inc.,* 28 Colo.App. 344, 472 P.2d 729 (1970), relied on by Poseley in support of his contention, is inapposite.

 Moreover, even if we assume there were two distinct agreements, the subject matter of the November 20 oral agreement relates so closely and is so intertwined with the subject matter of the written Agreement that by law the former must be deemed merged into the latter. *Cf. Cantrell v. Lemons,* 119 Colo. 107, 200 P.2d 911 (1948); *Stevens v. Vail Associates, Inc., supra. See also Mitchill v. Lath,* 247 N.Y. 377, 160 N.E. 646 (1928). Parol evidence of the former is therefore inadmissible. *Light v. Rogers,* 125 Colo. 209, 242 P.2d 234 (1952).

Relying on *Lorenzen v. Mustard's Last Stand, Inc.,* 196 Colo. 265, 586 P.2d 12 (1978), Poseley also contends that, even if the Agreement is unambiguous, the trial court erred in interpreting that document in a "vacuum" apart from the surrounding circumstances "which render it intelligible." We find nothing admissible in the various documents and surrounding circumstances which Poseley would have us consider which changes our interpretation of the Agreement.

In particular, we have considered the specific performance contract executed simultaneously with the Agreement and Poseley's contention of a business custom of sharing commissions between listing brokers. The specific performance contract does not in any way change our interpretation of the Agreement, and we agree with Wilson that, to the extent that evidence of business custom would contradict a term of the Agreement, the parol evidence rule would bar its admission. *See Budget Systems, Inc. v. Seifert Pontiac, Inc.,* 40 Colo.App. 406, 579 P.2d 87 (1978).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.