**Cecelia KIRKPATRICK,
Plaintiff–Appellant,**

v.

**COLORADO FARM BUREAU MUTUAL
INSURANCE COMPANY,
Defendant–Appellee.**

**No. 91CA1595.**

Colorado Court of Appeals,
Div. I.

Sept. 10, 1992.

Harshman, McBee & Coffman, Donald L. McBee, Kay Snider Coffman, Grand Junction, for plaintiff-appellant.

Doehling & Slater, P.C., Terry D. Slater, Gene D. Dackonish, Jeffrey J. Higgins, Grand Junction, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

The plaintiff, Cecelia Kirkpatrick, appeals the summary judgment granted in favor of Colorado Farm Bureau Mutual Insurance Co. (the insurer) on her claims for breach of contract, negligence, outrageous conduct, and bad faith. We affirm.

On January 5, 1989, the plaintiff's husband purchased liability coverage from the insurer for a 1973 Dodge. The policy, which provided coverage for a six-month period, contained an "owned but uninsured" exclusion which stated that coverage did not apply to motor vehicles other than "your insured motor vehicle." The policy's definition of "insured motor vehicle" included the vehicle listed on the Policy Coverage Summary Page as well as replacement or newly acquired vehicles, provided the insurer was notified within 30 days of the acquisition of such vehicles.

The plaintiff notified the insurer of an accident involving the Dodge on April 4, 1989; however, she neither filed a claim nor requested the insurer to discontinue coverage on the vehicle.

On April 18, 1989, the plaintiff purchased a 1977 Mercury. She was involved in an accident with that vehicle on June 6, 1989, and on June 19, she requested a transfer of liability coverage from the Dodge to the Mercury. When it endorsed this transfer, the insurer notified the plaintiff that the June 6th accident would not be covered. Thereafter, pursuant to an agreement with a third party injured in that accident, the plaintiff brought this action against the insurer, who denied coverage on the grounds that the Mercury was an "owned but uninsured" vehicle at the time of the accident.

The district court granted the insurer's motion for summary judgment finding that there was no genuine issue of material fact as to whether the plaintiff reported the

purchase of the Mercury within 30 days of its purchase and that, consequently, as a matter of law, the insurer had no duty to provide coverage.

## I.

The plaintiff contends that summary judgment is precluded because there is conflicting evidence concerning when she first gave the insurer notice of her purchase of the Mercury. We disagree.

Once the party moving for summary judgment meets its burden of establishing the lack of any genuine factual issues, the opposing party must demonstrate that a controverted factual question exists; and if it fails to meet this burden, the court may properly enter summary judgment if the operative legal principles permit it to do so. *Pueblo West Metropolitan District v. Southeastern Colorado Water Conservancy District*, 689 P.2d 594 (Colo.1984).

The party opposing summary judgment must demonstrate by "relevant and specific facts" that a real controversy exists. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

Here, the insurer made a convincing showing that no genuine factual issues existed. It submitted an insurance policy declaration stating that the covered vehicle was the 1973 Dodge; a certified bill of sale showing the Mercury was acquired on April 18, 1989; a recorded statement, dated November 11, 1989, made by the plaintiff in the presence of her attorney in which she stated that she did not notify the insurer of the purchase until after the June 6th accident; and affidavits from an agent and an underwriting supervisor stating that the plaintiff requested and was granted transfer of coverage on June 19, 62 days after acquiring the Mercury and 32 days after the expiration of the 30 day notice period.

The plaintiff, in the face of this evidence, did not meet her burden of proving the existence of a genuine issue of material fact. The only evidence she submitted was an amended policy declaration sheet, dated June 19, 1989, and an insurance card showing the Mercury was covered under the policy and her deposition in which she testi-fied that she reported the purchase of the Mercury prior to the June 6th accident. She was unable to provide details concerning when or to whom she reported the purchase of the Mercury. Significantly, she did not testify that she reported the purchase within 30 days, as was required to obtain coverage for replacement of newly acquired vehicles under the terms of the policy.

Accordingly, we conclude that the court properly determined that there was no genuine issue as to whether the plaintiff had given timely notice.

## II.

■ The plaintiff next argues that the court erred in determining, as a matter of law, that the insurer properly denied coverage. She contends that because the amended policy declaration sheet and insurance card, which were delivered *after* she had transferred coverage to the Mercury on June 19, stated a policy period of January 5, 1989, to July 5, 1989, coverage for the Mercury was retroactive. In her view, these documents created an ambiguity in the insurance contract which should have been resolved in her favor. Additionally, she contends that the court erred in disregarding the affidavit of her expert witness stating his opinion that, under industry standards, coverage for new or replacement vehicles would be retroactive even when notice was untimely filed.

The scope and interpretation of an insurance policy's language is a question of law. *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981). If a provision is clear and unambiguous, a court should not rewrite the policy to arrive at a strained construction. *Chacon v. American Family Mutual Insurance Co.*, 788 P.2d 748 (Colo.1990). Furthermore, the determination of whether a contract is ambiguous is a question of law for the court to determine. *Mashburn v. Wilson*, 701 P.2d 67 (Colo.App.1984).

■ Here, by affidavit, the plaintiff's expert asserted his opinion that in accordance with the standards of the industry, retroac-

tive coverage was available to the plaintiff. However, the court dismissed this contention, concluding that policy term dates were "completely separate and distinct from" transfers of coverage within the policy term. Although the court was entitled to consider the expert's opinion, it was not required to do so in reaching its legal determination as to the meaning of the insurance contract's language. *Andrikopoulos v. Broadmoor Management Co.*, 670 P.2d 435 (Colo.App.1983).

In reaching its conclusion that the insurer had no duty to the plaintiff, the court noted that an "owned but uninsured" exclusion is a legally valid and enforceable condition to liability coverage. *Williams–Diehl v. State Farm Fire & Casualty Co.* 793 P.2d 587 (Colo.App.1989). It further found no ambiguity was created by the existence of an amended policy declaration sheet or insurance card. We agree with that analysis.

█ The plaintiff has cited no legal authority to support her argument that transfer of coverage should be given retroactive effect. There is, however, authority to support the insurer's contention that the effective date of the endorsement transferring coverage is the date specified on the endorsement, in this case a date after the June 6th accident. *See Martz v. Union Labor Life Insurance Co.*, 757 F.2d 135 (7th Cir.1985); J. Appleman, *Insurance Law & Practice* § 4293 (Buckley ed. 1979). We find this authority persuasive and follow it.

Accordingly, the district court properly concluded that, as a matter of law, the insurer had no duty to provide coverage on the plaintiff's owned but uninsured vehicle.

Judgment affirmed.

NEY and DAVIDSON, JJ., concur.