# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 16-3888

———————————————

Azim Aziz; Kina Aziz

*Plaintiffs - Appellants*

v.

Allstate Insurance Company

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: September 21, 2017
Filed: November 16, 2017

——————————

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

——————————

BENTON, Circuit Judge.

A fire damaged Azim and Kina D. Aziz's house. Allstate Insurance Company denied their homeowner's insurance claim. They sued for coverage. The case went to trial. At the close of the Azizes' evidence, the district court[1] granted Allstate's

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

motion for judgment as a matter of law.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The policy provides $60,000 in dwelling coverage and $30,000 in personal property coverage.  If the insured does not repair or replace the damaged property, the policy pays "actual cash value:"

**5.** **How We Pay For A Loss**

Under **Coverage A – Dwelling Protection, Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection**, payment for covered loss will be by one or more of the following methods:

. . . .

c) Actual Cash Value

If **you** do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis. This means there may be a deduction for depreciation.  Payment will not exceed the limit of liability shown on the Policy Declarations for the coverage that applies to the damaged, destroyed or stolen property, regardless of the number of items involved in the loss.

After the fire, the Azizes submitted a claim for damages to their real and personal property.  They claimed they purchased everything in cash, and the fire destroyed all receipts.  Allstate denied the claim.

Almost eight years later, Azim sued Allstate for breach of contract, vexatious refusal to pay, specific performance, unjust enrichment, and negligent

misrepresentation. On Allstate's motion, the court joined Kina as a plaintiff. It dismissed all but the breach-of-contract and vexatious-refusal claims. At trial, Azim testified that he and his wife accumulated the damaged property over 10 to 15 years, and the values on their proof-of-loss list were estimates of original purchase prices. At the close of the Azizes' evidence, the district court granted Allstate's motion for judgment as a matter of law, finding they failed to present sufficient evidence to support their claims. The Azizes appeal.

This court reviews de novo the grant of a motion for judgment as a matter of law, viewing the evidence most favorably to the Azizes, "without making credibility determinations or weighing the evidence." *Tatum v. City of Berkeley*, 408 F.3d 543, 549 (8th Cir. 2005). Judgment as a matter of law is appropriate "so long as the party has been fully heard on the issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." *Id.*

II.

The Azizes believe they presented sufficient evidence to support their breach-of-contract claim. Because they did not seek to repair or replace their property, Allstate was required to pay for "damage done on the property." *See Wells v. Missouri Prop. Ins. Placement Facility*, 653 S.W.2d 207, 209 (Mo. banc 1983) ("Whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done on the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy."), *quoting* **§ 379.150 RSMo**. Under the policy and under Missouri law, damage is measured by the "actual cash value," of the property, meaning "the difference in value of the property immediately before and immediately after the loss." *Cincinnati Ins. Co. v. Bluewood, Inc.*, 560 F.3d 798, 802 (8th Cir. 2009) ("The Missouri Supreme Court has held that the amount of a cash payment 'equal to the damage done to the property' is 'to be determined by

the difference in value of the property immediately before and immediately after the loss.'"), *quoting **Wells***, 653 S.W.2d at 214. The Azizes acknowledged "actual cash value" as the proper measure of damages in their proposed jury instructions:

> If you find in favor of plaintiffs, then you must award plaintiff such sum as you may find from the evidence to be *the difference between the fair market value of the property before it was damaged and its fair market value after it was damaged . . . .*

(emphasis added).[2]

At trial, the Azizes presented no evidence of the real property's value before the fire. Counsel for the Azizes admitted: "I don't see where we show the actual value . . . of it [the home] prior to the damage." They now argue that Kina's "Schedule C" bankruptcy filing (Defendant's Trial Exhibit D) shows the fair market value of the home before the fire. This evidence is insufficient for two reasons. First, neither party mentioned the home's value at trial. Allstate submitted Schedule C to cross-examine Kina about the personal, not real, property listed on it. The "current" market value of the home was listed, but not discussed. Second, the exhibit does not show the source of the home's value or how it was determined.

Even if this exhibit were sufficient evidence of the home's value before the fire, the Azizes presented no evidence of its value after the fire. At trial, they showed pictures of the home's "charred remains" which they said "were an accurate depiction

---

[2]In briefing before this court, the Azizes argue two different valuation methods: (1) "actual cash value;" and (2) "the face value of the policy less the amount the property depreciates between the time the policy is issued and the time of the casualty." In district court, they did not argue application of the second method; that argument is now waived. *See **Seniority Research Group v. Chrysler Motor Corp.***, 976 F.2d 1185, 1187 (8th Cir. 1992) ("Normally, a party may not raise an issue for the first time on appeal as a basis for reversal.").

-4-

of the home after the fire." They now claim these pictures show "complete destruction of [the] home." To the contrary, both Azim and Kina testified the home was repairable after the fire, and Kina testified she wanted to repair it. Thus, the house was not a "total loss" as the Azizes claim. *See, e.g.*, **Stahlberg v. Travelers Indem. Co.**, 568 S.W.2d 79, 84 (Mo. App. 1978) ("The rule in Missouri has been long settled that the words 'total loss,' as used in its statute, mean 'that the building has lost its identity and specific character as a building, and become so far disintegrated that it cannot be properly designated as a building . . . . "), *quoting* **St. Paul Fire & Marine Ins. Co. v. Eldracher**, 33 F.2d 675, 681 (8th Cir. 1929). The pictures did not establish the home's value after the fire.

The Azizes also failed to provide sufficient evidence of the personal property's value before the fire. They argue Allstate's Trial Exhibit M—a proof-of-loss list of personal property—is sufficient evidence of value before the fire. But, as Azim testified, Exhibit M estimates the value of the property when purchased (over a 10- to 15-year period). It does not estimate the value of the property immediately before the fire. Therefore, it cannot be used to calculate "actual cash value" because it does not account for deterioration, obsolescence, or other depreciation as required by the policy and under Missouri law. *See* **In re State Farm Fire & Cas. Co.**, 872 F.3d 567, 573 (8th Cir. 2017) ("Under Missouri law, '[a]ctual cash value means a depreciated sum, i.e., the difference between the reasonable value of the property immediately before and immediately after the loss.'"), *quoting* **Porter v. Shelter Mut. Ins. Co.**, 242 S.W.3d 385, 390 (Mo. App. 2007). *See also* **Dollard v. Depositors Ins. Co**, 96 S.W.3d 885, 889 (Mo. App. 2002) ("[T]he insured bears the share of the loss resulting from deterioration, obsolescence, and similar depreciation of the property's value at the time of the loss."). The Azizes could have submitted an estimate of the personal property's value immediately before the fire, but they did not. Exhibit M is insufficient to establish damages. *See* **Wells**, 653 S.W.2d at 214 ("The value of the property at the point immediately before the loss is, of course, equivalent to the actual

-5-

value of the property at the time of the loss. Cost of repair is admissible as evidence of damage, but of itself it is insufficient to establish the amount of damage.").

The district court properly granted Allstate's motion for judgment as a matter of law on the breach-of-contract claim.

## III.

The Azizes maintain they presented sufficient evidence to support their vexatious-refusal claim. The district court disagreed. Under Missouri law, vexatious refusal is derivative of a breach-of-contract claim. *See Fischer v. First American Title Ins. Co.*, 388 S.W.3d 181, 184, 192 (Mo. App. 2012); **§ 375.296 RSMo** (damages for vexatious refusal to pay are awarded "in addition to the amount due under the provisions of the contract of insurance"). There can be no recovery for vexatious refusal where there is no judgment for the plaintiff on the insurance policy. *See State ex rel. U.S. Fidelty & Guaranty Co. v. Walsh*, 540 S.W.2d 137, 141-42 (Mo. App. 1976).

The district court properly granted Allstate's motion for judgment of a matter of law on the vexatious-refusal claim. *See Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (this court "may affirm the district court's dismissal on any basis supported by the record").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-6-