# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1979
_____

Matthew Achey; Jessica Achey

*Plaintiffs - Appellants*

v.

Liberty Mutual Insurance Company; Ohio Security Insurance Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 16, 2025
Filed: February 5, 2026

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

A storm blew through Vernon County, Missouri in December 2021, damaging two of three hoop barns on Matthew and Jessica Achey's farm. Their insurer paid for the damage to the Acheys' 44' x 160' barn but denied coverage for the other 44' x 208' barn. The Acheys sued the Ohio Security Insurance Company and Liberty

Mutual Insurance Company for breach of contract and vexatious refusal to pay.[1] The district court[2] granted the insurers' motion for summary judgment, holding that the policy was unambiguous and only covered the 44' x 160' barn. We affirm.

In February 2021 the Acheys' insurance broker, Specialty Risk Insurance, emailed the insurers, requesting a quote for adding three barns to the Acheys' policy, measuring 44' x 160', 44' x 208', and 44' x 320'. No quote was provided, and when the Acheys' policy was renewed in July, the insurers issued a new annual policy covering a residence designated as "Location 0001" and a farm designated as "Location 0002" with no outbuildings covered. That August, Specialty Risk emailed the insurers requesting that a barn measuring 44' x 160' be "add[ed] to location #2," retroactive to July 27, 2021. The email specified that the barn would be "Used for Hay/Machinery" and requested $150,000 in coverage. The insurers issued an endorsement to the policy effective at the requested date with the language "ADDED HAY/MACHINERY BARN AT LOC #2 - $150,000," as well as a new policy declarations page titled "SUMMARY OF FARM PROPERTY – BARNS, OUTBUILDINGS AND OTHER FARM STRUCTURES" listing a "Hay/Machinery Barn" at "Loc #" "0002" with the "Bldg #" "ST0001."

Over the next year, further modifications were made to the policy, including adding two more buildings at "Loc #" "0002," the "ST0002" "Well House w/ Well System" and the "ST0003" "5 Ton Grain Bin." In January 2022 coverage for the "Hay/Machinery Barn" was increased to $350,000. New declaration pages were issued after each policy change. The only barn identified in any of them remained the "ST0001" "Hay/Machinery Barn."

---

[1]The parties dispute which company issued the check and authorized the Acheys' policy in the first place, but the Acheys' claims fail no matter which insurer did what. We will refer to Liberty Mutual and Ohio Security together as the insurers, without assuming or deciding which is responsible.

[2]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.

We review a grant of summary judgment interpreting an insurance policy *de novo*, applying the same standard as the district court and applying state law to determine coverage issues. *BITCO Gen. Ins. Corp. v. Smith*, 89 F.4th 643, 645 (8th Cir. 2023); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Under Missouri law, clear and unambiguous language "must be construed as written." *Doe Run Res. Corp. v. Am. Guar. & Liab. Ins.*, 531 S.W.3d 508, 511 (Mo. banc 2017). Ambiguous language— language whose meaning is "duplicit[ous], indistinct[], or uncertain[]," or "reasonably open to different constructions"—is "resolved in favor of the insured." *Swadley v. Shelter Mut. Ins. Co.*, 513 S.W.3d 355, 357 (Mo. banc 2017) (citation omitted).

The Acheys argue that the insurance policy was ambiguous, relying on six declaration pages in the policy providing insurance for the "Hay/Machinery Barn"— three for $350,000 and three for $150,000. They contend that none of the declaration pages cancel, annul, or revise any of the others, making the coverage scope indistinct and the total coverage available duplicitous or uncertain. And construing these declarations in their favor, they say, requires both the 44' x 160' and the 44' x 208' barn to be covered by the policy.

The number of barns insured is not ambiguous. Every declaration identifies one barn, consistently identified by building number "ST0001," listed at the same location, "Loc #" "0002," with the same description, "Hay/Machinery Barn." *See Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009) ("Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole."). Though the policy period listed is the same—July 25, 2021 to July 25, 2022—the operative endorsement periods are not. The $150,000 limit was in effect at the time of the December 2021 windstorm, not the $350,000 limit reflected in later declarations. *Cf. Henslee v. Cameron Mut. Ins. Co.*, 292 S.W.3d 476, 478 (Mo. Ct. App. 2009) (rejecting retroactive application of an endorsement where the injury predated the endorsement's effective date, despite falling within the

listed policy period). Even if we credited the Acheys claim that all six declaration pages were part of the original contract—which record evidence contradicts—the amount of coverage is immaterial to how many barns are covered. *See Burger v. Allied Prop. & Cas. Ins. Co.*, 822 F.3d 445, 450 (8th Cir. 2016) (under Missouri law, "disputes about the *amount* [covered] simply do not 'inject ambiguity into the meaning of *what* is [] covered'" (citation omitted)).

That leaves only the question of which barn was insured. The record permits one answer: the 44' x 160' barn. At the time of the storm, the policy provided $150,000 in coverage for a single "Hay/Machinery" barn at "Loc #2"—the same description used and the same coverage requested by Specialty Risk in its August 2021 email about adding the 44' x 160' barn to the Acheys' policy. But the Acheys argue that the district court's reliance on this email only proves that the policy was ambiguous, and so, must be construed against the insurers. *See AB Realty One, LLC v. Miken Techs., Inc.*, 466 S.W.3d 722, 730 (Mo. Ct. App. 2015) ("Only when the language is ambiguous and not clear will we resort to extrinsic evidence to resolve a contractual ambiguity.").

We acknowledge that the policy contains some latent ambiguity. *Royal Banks of Mo. v. Fridkin*, 819 S.W.2d 359, 362 (Mo. banc 1991) ("A 'latent ambiguity' arises where a writing on its face appears clear and unambiguous, but some collateral matter makes the meaning uncertain."); *STL Riverview Plaza LLC v. Metro. St. Louis Sewer Dist.*, 681 S.W.3d 290, 301 (Mo. Ct. App. 2023) ("[A] latent ambiguity arises when the particular words of a document apply equally well to two different objects." (alteration in original) (citation omitted)). But "[n]ot every ambiguity in an insurance policy is resolved favorably to the insured." *Brazil v. Auto-Owners Ins. Co.*, 3 F.4th 1040, 1042 (8th Cir. 2021) (quoting *Estrin Constr. Co. v. Aetna Cas. & Sur. Co.*, 612 S.W.2d 413, 420 (Mo. Ct. App. 1981)). Where ambiguity is disclosed by extrinsic evidence it may be resolved by extrinsic evidence. *McLallen v. Tillman*, 386 S.W.3d 837, 841 (Mo. Ct. App. 2012); 11 Williston on Contracts § 33:43 (4th ed.). *But cf. Burns v. Smith*, 303 S.W.3d 505, 512 (Mo. banc 2010) (rejecting use of extrinsic evidence to resolve patent ambiguity—ambiguity on the face of the

contract—in an insurance policy).  Specialty Risk's email leaves no genuine dispute that the policy insured the 44' x 160' barn.

Because the insurers had no obligation under the policy to cover damage to the 44' x 208' barn, the Acheys' breach of contract claim fails as a matter of law. *See Bowden v. Am. Mod. Home Ins. Co.*, 658 S.W.3d 86, 91 n.5 (Mo. Ct. App. 2022) (breach of contract claim elements).  So does their derivative claim for vexatious refusal to pay.  *Aziz v. Allstate Ins. Co.*, 875 F.3d 865, 869 (8th Cir. 2017) ("There can be no recovery for vexatious refusal where there is no judgment for the plaintiff on the insurance policy." (citing *State ex rel. U.S. Fid. & Guar. Co. v. Walsh*, 540 S.W.2d 137, 141–42 (Mo. Ct. App. 1976))).

Affirmed.

_____